JUDGE KAPLAN UNITED STATES DISTRICT COURT 09 CIV 5587
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL THUNBERG | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| ALLIED INTERSTATE, INC. | ) | Jury Trial Demanded |
| Defendant. | ) | |
| | ) | |

PLAINTIFF, MICHAEL THUNBERG ("Plaintiff"), by and through the undersigned attorney, files this Complaint against DEFENDANT, ALLIED INTERSTATE, INC. ("Defendant"), and alleges as follows:

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

    (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2.  The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3.  Plaintiff, MICHAEL THUNBERG ("Plaintiff"), is a natural person residing in Westchester County, New York.

4. Defendant, ALLIED INTERSTATE, INC., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

   a) In connection with collection of a debt, using obscene or profane language directed at Plaintiff (§ 1692d(2));

   b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including (§ 1692d));

   c) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including (§ 1692c(a)(1));

   d) In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff (§ 1692d(2));

e) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

f) Using false, deceptive, or misleading representations or means in connection with collection of a debt, including (§ 1692e));

g) Falsely representing the character, amount, or legal status of Plaintiffs debt, including (§ 1692e(2)(A));

h) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including (§ 1692g(a)); and,

i) Communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt (§ 1692c(c)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages pursuant to 15 USC 1692k;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,
E. For such other and further relief as may be just and proper.

This 3rd day of June, 2009.

ATTORNEYS FOR PLAINTFF
*MICHAEL THUNBERG*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453
***Kurz & Fortas, LLC***
Attorneys for Plaintiff
80 Broad Street, 5th Floor
New York, NY 10004
(404) 856-3888
(404) 856-3892 (fax)
dkurz@kurzandfortas.com

*PLEASE SEND ALL CORRESPONDENCE TO:*

Dennis R. Kurz
Kurz & Fortas, LLC
1932 North Druid Hills Road, Suite 200
Atlanta, Georgia 30319